11-1579-ag
Hu v. Holder

BIA
A073 553 366

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of July, two thousand twelve.

PRESENT:
>      DENNIS JACOBS,
>           *Chief Judge,*
>      PIERRE N. LEVAL,
>      GERARD E. LYNCH,
>           *Circuit Judges.*

_____

DONGPING HU,
>      *Petitioner,*

>      v.                                    11-1579-ag
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Peter Lobel, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Lyle D. Jentzer, Senior
                         Litigation Counsel; Glen T. Jaeger,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dongping Hu, a native and citizen of the People's Republic of China, seeks review of a March 23, 2011, order of the BIA denying her motion to reopen. *In re Dongping Hu*, No. A073 553 366 (B.I.A. Mar. 23, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The agency's regulations permit an alien seeking to reopen proceedings to file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Hu's August 2010 motion to reopen was time- and number-barred because the IJ issued a final order of removal in 1998, and it was Hu's second motion to reopen. However, there are no limitations for filing a motion to reopen if it is "based on changed circumstances arising in

the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Although Hu argues that the BIA used "boilerplate," the BIA based its decision on Hu's failure to demonstrate both a material change in country conditions and her *prima facie* eligibility for relief.  The BIA did not abuse its discretion in concluding that Hu's conversion to Christianity was a change in personal circumstances, not a change in conditions in China.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008) (the existing legal system does not permit aliens who have been ordered removed "to change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (making clear that the time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States.").

3

Hu also argues that country conditions in China have worsened for Christians since her last hearing in 1999, and that the BIA ignored background evidence that practitioners were targeted for persecution and failed to credit supporting affidavits that demonstrated a local crackdown against Christians in her hometown.  The BIA's determination that the Chinese government primarily targeted church leaders (rather than ordinary practitioners like Hu) is supported by substantial evidence.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's determination regarding country conditions under the substantial evidence standard).  Although Hu's background materials may reflect some increase in crackdowns against Christians, the crackdowns mainly target house church leaders, churches in urban areas, Christian publications, and foreign missionaries in China.  Hu did not argue that she is a member of any of these targeted groups.  *See Jian Hui Shao*, 546 F.3d at 171.

Hu argues that the BIA erroneously rejected her friend's affidavits.  The BIA reasonably declined to credit the affidavits because they lacked specificity as to the dates and locations of the alleged arrests, they were

4

unsworn, and they were unauthenticated.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to be afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the agency).  Moreover, Hu allegedly obtained these documents from her friends in China, so the authenticity of the affidavits depended on her credibility, which was found deficient in the underlying proceedings.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2009) (relying on the doctrine of *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Hu's pending motion for a stay of removal in this petition is DENIED as moot.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```

5